IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Dequavious Gambrell,                    )
                                        )
                    Plaintiff,          )
                                        )     Civil Action No. 6:25-12545-BHH
v.                                      )
                                        )     **<u>ORDER</u>**
James E. Hudson,                        )
                                        )
                    Defendant.          )
_____)

This matter is before the Court upon Plaintiff Deqauvious Gambrell's ("Plaintiff" or "Gambrell") *pro se* complaint filed pursuant to 42 U.S.C. § 1983.  In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for preliminary determinations.

On September 19, 2025, Magistrate Judge William S. Brown issued a report and recommendation ("Report") outlining Plaintiff's claims and finding that the complaint is frivolous; that the named Defendant is immune from suit; and that the complaint fails to state a claim for relief.  (ECF No. 9.)  Accordingly, the Magistrate Judge recommends that the Court dismiss Plaintiff's complaint without issuance and service of process and without leave to amend.  (*Id.*)

Attached to the Magistrate Judge's Report was a notice advising the parties of the right to file written objections to the Report within fourteen days of being served with a copy.  On September 25, 2025, Plaintiff filed objections to the Report.  (ECF No. 11.)

The Magistrate Judge makes only a recommendation to the Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court

is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).  In the absence of specific objections, the Court reviews the matter only for clear error.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

In his objections, Plaintiff appears to ask to amend his complaint to add additional Defendants and a claim pursuant to the Racketeer Influenced and Corrupt Organizations ("RICO") Act.  (ECF No. 11 at 1.)  Plaintiff then reiterates his claim that Magistrate Judge Hudson violated his rights.  (*Id.* at 2-3.)  Importantly, however, nowhere in his objections does Plaintiff allege facts to support a viable Fourth Amendment claim or to show that Defendant Hudson abandoned his role as a neutral and detached decision maker.  *See also Clowney v. Fletcher,* No. 6:24-cv-7243-MGL, 2025 WL 375136, at *2 (D.S.C. Feb. 3, 2025) (rejecting a nearly identical argument raised by another pretrial detainee at the Greenville County Detention Center).  (*See also* ECF No. 9 at 6, n. 4.)  Furthermore, the Court agrees with the Magistrate Judge that, liberally construed, Plaintiff's allegations essentially challenge the arrest warrants underlying his state charges, but such claims are not properly before this Court based upon the *Younger* abstention doctrine.  *See Younger v. Harris*, 401 U.S. 37 (1971).  Lastly, the Court finds that permitting Plaintiff to amend his complaint to allege a RICO claim against additional Defendants would be entirely futile.

Thus, after *de novo* review, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and properly applied the applicable law, and the Court agrees with the Magistrate Judge's findings and recommendations. Accordingly, it is hereby **ORDERED** that the Magistrate Judge's Report (ECF No. 9) is **adopted and incorporated**; Plaintiff's objections (ECF No. 11) are **overruled**; and this matter is **dismissed without issuance and service of process and without leave to amend**.

 **IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

April 29, 2026
Charleston, South Carolina